CTJ/RMT
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DROP BOX
APR - 6 2007
4:00-6:00
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:07-CR-011-A |
| § | |
| GEORGE WHITEHEAD, JR. § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

The government opposes defendant George Whitehead's motion to suppress [doc. # 43] filed on March 30, 2007. Whitehead argues that evidence obtained pursuant to a search of his home should be suppressed because (1) the search warrant affidavit lacked probable cause and (2) the good-faith exception does not apply. (*See* Motion to Suppress, pp. 1-2.) The government respectfully disagrees.

Whitehead's motion is without merit. The search warrant affidavit contains sufficient facts to establish probable cause and, even if the Court finds that the affidavit lacked probable cause, the good-faith exception applies:

I.   FACTUAL BACKGROUND

On September 29, 2005, officers with the Arlington Police Department executed a search warrant at Whitehead's residence located at 6716 Silvercrest Drive, Arlington, Texas. As a result of the search, officers discovered multiple firearms, over 160 grams of crack cocaine and other evidence of drug-dealing including a money counter, large amounts of cash, "deal-baggies," a digital scale, "dope notes," and video surveillance cameras positioned outside the residence with multiple monitors inside. Officers also obtained a confession from

Government's Response to Defendant's Motion to Suppress - Page 1

Whitehead. Whitehead, after being Mirandized and waiving his rights, admitted that he was a crack-cocaine dealer and that the money inside the residence was proceeds from selling drugs. The search warrant was based on the affidavit of APD Detective Gold sworn to on September 29, 2005, the date of the search.

The attached and above-referenced affidavit set forth the following:

(1) That on June 15, 2005, an officer saw Whitehead exchange money and a bag with an individual in the backyard of a residence. After the transaction, officers initiated a traffic stop on Whitehead's vehicle. Within the vehicle, officers discovered a scanner programmed to the APD narcotics channel. A subsequent search of the location where the above-mentioned transaction took place revealed crack cocaine buried in the back yard;

(2) That on August 4, 2005, Det. Gold received an anonymous complaint regarding Whitehead and a female possessing cocaine at Whitehead's residence located at 6716 Silvercrest Drive, Arlington, Texas. The complainant alleged that within the residence, Whitehead and the female would cook cocaine and transform it into crack cocaine. They would then sell the crack cocaine in Arlington and Grand Prairie. The complainant also stated that Whitehead's residence had surveillance cameras to monitor activities in front of the house. The complainant also gave a description of Whitehead's vehicles;

(3) That Det. Gold drove to Whitehead's residence and observed a video surveillance camera above the garage door facing the street. Det. Gold also saw the vehicles that the complainant described and found that they were registered to Whitehead;

(4) That during the week of September 13, 2005, Det. Gold received information about Whitehead from Child Protective Services. The CPS officer stated, among other things, that there was a camera at the front door of Whitehead's residence and monitors in the living room that showed the outside of the house. The CPS officer also stated that Whitehead admitted to having firearms in the residence;

(5) That on September 27, 2005, Whitehead was stopped for a traffic violation in one of the above-mentioned vehicles, and that Whitehead had a scanner in his car programmed to the APD narcotics channel;

(6) That on September 29, 2005, the date of the search, a detective with the APD obtained three trash bags from outside of Whitehead's residence on a day scheduled for trash collection. The bags contained "particles of an off white rocklike substance" that later tested positive for the presence of cocaine. The bags also contained a receipt with Whitehead's name; and

(7) That Whitehead had been arrested in 1995 for possessing a controlled substance and in 1999 for manufacturing/delivering a controlled substance.

(*See* Affidavit and Search Warrant attached as Government's Exhibit No. 1.) The affidavit also requested a "no knock" warrant because of the surveillance equipment and the information about guns within the residence.

Whitehead was indicted by a federal grand jury on January 24, 2007. His case is currently set for trial on April 30, 2007. Whitehead now seeks to suppress all evidence seized from the search of his home and any statements made by him.

II. ISSUES

Whitehead argues that the search warrant was not lawful because (1) the supporting affidavit failed to establish probable cause and (2) that the "good-faith" doctrine does not apply because "the search warrant[] were so deficient in showing probable cause that no law enforcement officer could harbor an objectively reasonable belief that probable cause existed, . . . ."(Motion to Suppress, pp. 1-2.)

III. ARGUMENT AND AUTHORITIES REGARDING THE SEARCH WARRANT

A. Burden of Proof

When challenging the legality of a search warrant, the burden is on the defendant to prove by a preponderance of evidence that the warrant is invalid. *United States v. Richardson*, 943 F.2d 547, 548 (5th Cir. 1991).

B..     Consideration of Search Warrant (Good-Faith Exception)

In considering a motion to suppress evidence seized pursuant to a search warrant, the first step is to determine if the good-faith exception to the exclusionary rule applies. See *U.S. v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 1984). Under the good-faith exception, if the evidence was obtained by officers acting in objectively reasonable good-faith reliance on a facially valid warrant, the evidence need not be suppressed even though the warrant is later found to be invalid because of insufficient probable cause. *See United States v. Leon*, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420 (1984); *see also Cavazos*, 288 F.3d at 709. If the exception applies, the issue of probable cause need not be reached. *Cavazos*, 288 F.3d at 709.

There are four situations in which the good-faith exception does <u>not</u> apply:

(1)     if the issuing judge was misled by information that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Leon*, 468 U.S. at 923, 104 S. Ct. at 3421;

(2)     if the issuing judge abandoned his judicial role. *Id.*;

(3)     if the officer relies on a warrant based on an affidavit that is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Id.* quoting *Brown v. Illinois*, 422 U.S. 590, 610-611 (1975); and,

(4)     if the warrant is so "facially deficient -- *i.e.*, in failing to particularize the place to be searched or the things to be seized-- that the executing officers cannot reasonably presume it to be valid." *Id.*

Whitehead cannot show, and has not demonstrated, that any of the above elements exist.

Additionally, the fact that a judge issued the search warrant is enough to establish the good faith of the executing officers. *See United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988) (fact that the magistrate has issued search warrant is normally enough to establish the

**Government's Response to Defendant's Motion to Suppress - Page 4**

good-faith of the executing officers who conduct a search pursuant to that warrant).

The attached search warrant contains sufficient information to make it reasonably believable that the issuing judge acted as a neutral and detached magistrate. The good-faith exception to the exclusionary rule as set out in *Leon* should be applied and the analysis need go no further. *See Craig*, 861 F.2d at 820 ("Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if a decision on the admissibility of the evidence under *Leon* will resolve the matter."). From the plain reading of the search warrant, the good-faith exception clearly applies.

If the Court, however, believes that the good-faith exception does not apply, the second step in determining a motion to suppress is to determine if the magistrate had a substantial basis for concluding that probable cause existed. *Cavazos*, 288 F.3d at 709.

C.   Affidavit Establishes Probable Cause

If this Court determines that the good-faith exception does not apply in this case, the Court must determine if probable cause to support the issuance of the warrant was set out in the affidavit. *Id.* In reviewing the issues related to probable cause, the duty of this Court is not to decide whether it would have issued the search warrant, but rather "it is to simply insure that the magistrate judge had 'a substantial basis for ... conclud[ing]' that probable cause existed." *See Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S. Ct. 2317, 2332 (1983), quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960). The proper approach when making a probable cause determination is a totality of circumstances analysis. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

As set forth above, officers reasonably believed that Whitehead dealt drugs and that drugs would be found within his residence. Whitehead was involved in an apparent drug transaction on June 15, 2005 at a location where crack cocaine was found buried in the back yard. He had video surveillance cameras on his house and monitors inside. He had firearms and a history of drug-related arrests. He also had a police scanner in his vehicle programmed to the APD narcotics channel. Further, APD received information that Whitehead was cooking cocaine at his residence and then dealing crack cocaine. And, on the day of the warrant, cocaine was found in Whitehead's trash bags. This is sufficient to reasonably conclude that drugs would be found at Whitehead's house. This information combined with the other relevant factors mentioned above, when viewing the totality of the circumstances, supports a finding of probable cause.

## IV.   CONCLUSION

Whitehead has not met his burden of proving by a preponderance of the evidence that the search warrant was invalid. He has failed to establish that a good-faith exception does not exist. The government has, nevertheless, shown that probable cause existed within the affidavit. Because of this, Whitehead's motion to suppress the evidence obtained during the execution of the search warrant should be denied.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

/s/
_____
CHRISTOPHER R. WOLFE
Assistant United States Attorney
Texas State Bar No. 24008294
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas, 76102
Telephone:  817.252.5200
Facsimile:   817.978.3094

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above response was served upon counsel for the defendant, in accordance with the provisions of Rule 49 of the Federal Rules of Criminal Procedure.

Date: April 6, 2007.

/s/
_____
CHRISTOPHER R. WOLFE
Assistant United States Attorney

# SEARCH WARRANT AFFIDAVIT

STATE OF TEXAS          }

TARRANT COUNTY          }



BEFORE ME, the undersigned authority, on this day personally appeared **DETECTIVE GOLD ID #1207**, a police officer with the Arlington, Texas, Police Department, who after being duly sworn on oath deposes and says that *SHE HAS GOOD REASON TO BELIEVE AND DOES BELIEVE THAT:*

On or about September 29, 2005, in the City of Arlington, Tarrant County, Texas, **GEORGE WHITEHEAD**, a black male, born May 17, 1970 and **KRISTIE LEE**, a black female, born October 31, 1972 did then and there commit the offense of POSSESSION OF CONTROLLED SUBSTANCE, in that they then and there intentionally or knowingly possess a controlled substance, namely cocaine, including any adulterant or dilutants.

*AND SHE HAS GOOD REASON TO BELIEVE AND DOES BELIEVE THAT THE FOLLOWING PROPERTY AND ITEMS:*

A quantity of cocaine,

*IS NOW CONCEALED BY* **GEORGE WHITEHEAD**, a black male, born May 17, 1970 and **KRISTIE LEE**, a black female, born October 31, 1972, in said county and state at *THE SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS*: 6716 Silvercrest Drive, Arlington, Tarrant County, Texas.

The *SUSPECTED PLACE AND PREMISES* is more fully described as a one story single family dwelling. The SUSPECTED PLACE is constructed of a pinkish brick, with white trim, a grey composition roof and a white front door that faces east. The SUSPECTED PLACE has the numerals and letters "6716 Silvercrest" located on a stone placard inset into the house between the garage and front door.

The *SUSPECTED PLACE AND PREMISES IS OCCUPIED AND CONTROLLED BY* **GEORGE WHITEHEAD**, a black male, born May 17, 1970 and **KRISTIE LEE**, a black female, born October 31, 1972.

*MY BELIEF AS AFORESAID IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

SEARCH WARRANT AFFIDAVIT/page 2

On June 15, 2005 Arlington Narcotics Detective Duran saw George Whitehead, a black male, born May 17, 1970 at a known drug location at 500 Gemini #A. Detective Duran witnessed an exchange of money and a bag between Whitehead and a black male in the back yard. After Whitehead left the location Officer B. Hamilton stopped him for a traffic violation and Kristie Lee, a black female, born October 31, 1972 was the passenger. Officer Hamilton noticed that Whitehead had a scanner in the vehicle and that it was monitoring the Arlington Police Department's Narcotics channel. On June 23, 2005 a search warrant was executed at this location and crack cocaine was found buried in the back yard. AFFIANT has personnel knowledge of these incidents from Detective Duran.

On August 4, 2005 AFFIANT received a narcotics complaint #05-323. The anonymous caller stated that a George Whitehead and Kristi Lee resided at 6716 Silvercrest in Arlington, Tarrant County, Texas. The caller stated that they kept cocaine in the house and they would cook the cocaine to turn it into crack cocaine. The caller stated that George and Kristie would then distribute the crack cocaine in the Arlington, Grand Prairie area. The caller stated that there were surveillance cameras at the house to watch the activity to the front of the house. The caller stated Whitehead drove a black Dodge truck Texas license plate 92LFP1 and Lee drove a blue Cavalier Texas license plate 964DVZ.

Shortly after AFFIANT received the complaint AFFIANT drove to the location and noticed that there was a camera above the garage door facing the street. AFFIANT saw a black Dodge truck at the location with Texas license plate 92LFP1 and a blue Cavalier Texas license plate 904DVZ, which is close to the license plate provided by the caller. AFFIANT completed a registration on the vehicles and found that both the Dodge truck and Cavalier are registered to George Whitehead.

During the week of September 13, 2005 AFFIANT received information from Erica Robinson with Child Protective Services. She advised she was investigation a complaint at 6716 Silvercrest in Arlington on a George Whitehead and Kristie Lee. She stated her complainant was afraid for the children living there because Whitehead and Lee were cooking cocaine and selling it. Robinson was able to go to 6716 Silvercrest after making an appointment with Kristie Lee. Robinson noticed a camera at the front door and she said she waved to it because she did not think anyone heard the doorbell because of the loud music inside. The door was then opened by Kristie Lee and Robinson was allowed inside. Robinson noticed several monitors in the living room that showed the outside of the house. She asked both Lee and Whitehead, who was also in the house, why they had surveillance cameras and they told her they wanted to keep an eye on their children. She was allowed to walk around the house but not to search. Robinson told AFFIANT that she did not find anything drug related, but the cameras peeked her interest. Whitehead also told her he had firearms in the house but he would not show her or tell her where they were located other than out of the reach of the children.

On September 27, 2005 AFFIANT followed a black Dodge truck from 6716 Silvercrest and had it stopped for a traffic violation. Officer Dollar informed AFFIANT that he identified the driver by a Texas driver's license as George Whitehead, a black male, born May 17, 1970. Officer Dollar also noticed that there was a scanner in the vehicle and that is was programmed to monitor the Arlington Police Department's Narcotics channel.

SEARCH WARRANT AFFIDAVIT/page 3

On September 29, 2005 Arlington Detective Caldwell obtained 3 trash bags from the curb area of 6716 Silvercrest in Arlington, Tarrant County, Texas. This is the scheduled collection day for trash pickup. AFFIANT and Caldwell looked through the black trash bags. In one of the trash bags AFFIANT found mail addressed to "current resident 6716 Silvercrest, Arlington, Texas 76002". AFFANT also found in the same bag a smaller plastic grocery type bag that contained a sandwich bag. Inside this bag were particles of an off white substance and a rocklike substance. AFFIANT subjected a small sample of the substance to a Scott Reagent field test kit to test for the presence of cocaine and AFFIANT received a positive reaction for the presence of cocaine. In another trash bag that was collected AFFIANT found a dry cleaners receipt with the name "Whitehead." AFFIANT reported this offense in Arlington report number 050068218.

AFFIANT checked the arrest history for both Lee and Whitehead. Lee was arrested in 1995 for possession of controlled substance, Penalty Group 1 4-200 grams. Whitehead was arrested in 1996 for possession controlled substance Penalty Group1 over 400 grams and in 1999 for manufacture/delivery controlled substance Penalty Group 2 4-400 grams.

AFFIANT is requesting a "no knock" warrant based on the surveillance equipment that consists of cameras and scanners, and information of the presence of guns. PJ

**WHEREFORE**, I ask that a warrant be issued to search for and seize at the above named and described place the aforesaid property and items, and person or persons whose names, identities and descriptions are unknown who may be found at the aforesaid location in possession of said property or in control of the area wherein said property is located, in accordance with the law in such cases provided. Based on the above concerns I further ask the requirement of knocking and announcing be waived.

Witness my signature, this the 29 day of Sept, 20 05.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, this 29 day of September, 2005, at 7:25 o'clock ___ m.

_____
MAGISTRATE IN AND FOR
TARRANT COUNTY, TEXAS

JUDGE, 372 DISTRICT COURT
OFFICE TITLE

401 W. Belknap Ft. Worth TX 76(
OFFICE ADDRESS

) WARRANT No. _____

# SEARCH WARRANT

STATE OF TEXAS            }

COUNTY OF TARRANT    }

   **TO ANY PEACE OFFICER OF TARRANT COUNTY, TEXAS, GREETING:**

   **WHEREAS**, an affidavit in writing, under oath, has been made before me by **DETECTIVE GOLD ID #1207**, a police officer with the Arlington, Texas, Police Department, and said affidavit is attached hereto and is incorporated herein by reference for all purposes and said affidavit has been filed before me anterior to the issuance of this warrant, alleging that:

   On or about September 29, 2005, in the City of Arlington, Tarrant County, Texas, **GEORGE WHITEHEAD, a black male, born May 17, 1970 and KRISTIE LEE, a black female, born October 31, 1972**, did then and there commit the offense of POSSESSION OF CONTROLLED SUBSTANCE, )COCAINE.

   AND SHE HAS GOOD REASON TO BELIEVE AND DOES BELIEVE THAT THE FOLLOWING PROPERTY AND ITEMS:

A quantity of cocaine,

**IS NOW CONCEALED BY** GEORGE WHITEHEAD, a black male, born May 17, 1970 and KRISTIE LEE, a black female, born October 31, 1972, in said county and state at **THE SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS**: ADDRESS, 6716 Silvercrest Drive, Arlington, Tarrant County, Texas.

   The **SUSPECTED PLACE AND PREMISES** is more fully described as a one story single family dwelling. The SUSPECTED PLACE is constructed of a pinkish brick, with white trim, a grey composition roof and a white front door that faces east. The SUSPECTED PLACE has the numerals and letters "6716 Silvercrest" located on a stone placard inset into the house between the garage and front door.

)

)EARCH WARRANT/page 2

The *SUSPECTED PLACE AND PREMISES* is OCCUPIED AND CONTROLLED BY GEORGE WHITEHEAD, a black male, born May 17, 1970 and KRISTIE LEE, a black female, born October 31, 1972.

*AND*, after examining the said affidavit in writing and under oath, I have determined that the said affidavit does state facts and information sufficient to establish probable cause for the issuance of this warrant to search for and seize the said property and items at the above described place in accordance with the law in such cases provided. I further find the affidavit states facts and information sufficient to establish the likelihood of possible threat to officers to justify entry without knocking and announcing.

*YOU ARE THEREFORE COMMANDED TO* forthwith search the place named above and described where the said property and items are alleged to be concealed, and if you find such property and items and/or parts thereof, you will seize the same and bring it before me at the place hereinafter named.

*HEREIN, FAIL NOT*, and due return make hereof to me at the place hereinafter named.

*WITNESS*, my signature, this the __29__ day of __September__, 20__05__, at __7:28__ o'clock __P__.m.

_Scott W____

MAGISTRATE IN AND FOR
TARRANT COUNTY, TEXAS
JUDGE 372 DISTRICT COURT
OFFICE TITLE
401 W. BELKNAP, FT WORTH TX 76196
OFFICE ADDRESS